IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY

| | |
|---|---|
| DEBORAH M. BLUESTEIN<br>12905 Falling Water Circle, #102<br>Germantown, MD 20874<br><br>    Plaintiff.<br><br>    v.<br><br>GLOBAL EXPRESS LIMOUSINE, INC.<br>15821 Crabbs Branch Way, Suite #C<br>Rockville, MD 20855<br><br>SERVE: Ashfaq Shah<br>Resident Agent<br>14521 Seneca Road<br>Germantown, MD 20874<br><br>and<br><br>ASHFAQ SHAH<br>14521 Seneca Road<br>Germantown, MD 20874<br><br>and<br><br>ASIA SHAH<br>14521 Seneca Road<br>Germantown, MD 20874<br><br>    Defendants. | Case No. |

## COMPLAINT FOR UNPAID WAGES

Plaintiff Deborah M. Bluestein ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants, Global Express Limousine, Inc. ("Global"), Ashfaq Shah ("Mr. Shah"), and Asia Shah ("Mrs. Shah") for violations of the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-401, *et seq.*, ("MWHL") and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is over twenty-one years of age and a resident of Montgomery County, the State of Maryland.

2. Global is a corporation formed under the laws of the State of Maryland with its principal office in Rockville, Montgomery County, Maryland. Global provides limousine and transportation services.

3. Mr. Shah and Mrs. Shah are husband and wife. On information and belief, Mr. and Mrs. Shah are the sole owners and executives of Global.

4. At all times relevant to this action Global operated continuously in Maryland.

## FACTS

5. Plaintiff began employment with Defendants in March 2015, when she was hired as the Vice President for Sales and Marketing. Ms. Bluestein has been paid on a salary basis at all times during her employment with Defendants, at the rate of $50,000 per year. Her weekly gross pay is $961.54, which was not subject to reduction based on the quality or quantity of her work, or by virtue of any putative performance deficiencies. Throughout her tenure with Defendants, has been successful in securing new business for Global, and has otherwise been a dedicated and loyal employee, with no disciplinary or performance issues. Her pay basis (salary) and rate and method of pay ($961.54 per week) has not changed during her employment with Defendants.

6. At all times during Plaintiff's employment, Individual Defendants, Mr. Shah and Mrs. Shah were Plaintiff's "employers" for purposes of the MWHL and MWPCL. Throughout Plaintiff's employment, Mr. Shah and Mrs. Shah:

   a. had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

    b. had the power to supervise Plaintiff's work duties to ensure her work was of sufficient quality;

    c. set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

    d. set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

    e. controlled, and were in charge of, Global's day-to-day operations.

7. After paying her for a number of months at her rate of $961.54 weekly, over the past year Defendants, without excuse or justification, have failed to pay Plaintiff for many weeks of work, with no legal justification whatsoever. Crediting Global Express with the few sporadic payments Plaintiff has received over the past year, Plaintiff is owed approximately 43 weeks of pay, as of Friday September 2, 2016. This totals $41,346.22 (43 weeks x $961.54 per week) in unpaid wages.

8. Defendants' failure to pay Plaintiff amounts due, as required by the MWHL and the MWPCL, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of Maryland Wage and Hour Law
### (Minimum Wage)

9. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

10. Plaintiff was an "employee" and Defendants were her "employer" within the meaning of the MWHL. As Plaintiff's "employer," Defendants were obligated to pay Plaintiff minimum wage compensation under MD. Code Ann., Lab. & Employ. § 3-413 and § 3-427 of the

MWHL. These sections require Defendants to compensate Plaintiff at the rate guaranteed by the State of Maryland and Montgomery County for all hours worked by Plaintiff per week.

11. As of October 1, 2015, the required minimum wage in Montgomery County was $9.55 per hour. The required minimum wage in the State of Maryland as of July 1, 2015 was $8.25 per hour. Plaintiff's unpaid work occurred after October 1, 2015.

12. Plaintiff worked approximately forty (40) hours per week, on average.

13. Defendants have willingly and knowingly failed to pay Plaintiff anything whatsoever for many weeks of employment with Defendants. Plaintiff has worked approximately 43 weeks, at approximately 40 hours per week, for a total of approximately 1,720 hours, as of Friday September 2, 2016. At the minimum wage mandated by Montgomery County ($9.55 per hour), Plaintiff is owed approximately $16,426 (1,720 hours x $9.55/hour) in minimum wages.

WHEREFORE, Defendants are liable to Plaintiff, jointly and severally, under Count I for all unpaid minimum wages due in the amount of $16,426, or such other or further amount as is proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Maryland Wage Payment and Collection Law
### (Unpaid Wages)

14. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

15. Plaintiff was Defendants' "employee" pursuant to MD. CODE ANN., LAB. & EMPLOY. § 3-501 and § 3-502.

16. Defendants were Plaintiff's "employer" pursuant to MD. CODE ANN., LAB. & EMPLOY. § 3-501 and § 3-502.

17. As Plaintiff's "employer," Defendants were obligated to pay Plaintiff all wages due to her for the work that she performed.

18. As detailed above, Defendants failed to compensate Plaintiff for approximately 43 weeks of work. Plaintiff was hired and promised payment on a salary basis, at the rate of $961.54 in gross wages per week.

19. Defendants' failure and refusal to pay wages due to Plaintiff was without justification, and was not the result of any *bona fide* dispute. Plaintiff has made proper demand for payment, but payment has not been made.

WHEREFORE, Defendants are liable to Plaintiff, jointly and severally, under Count II for all unpaid wages that Defendants have failed to pay Plaintiff, in the amount of $41,346.22 or such other or further amount proved at trial, additional damages in the amount of two times (2x) the unpaid wages, interest (both pre- and post-judgment), attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

### **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Philip B. Zipin*
Philip B. Zipin, Esq.
Roy Lyford-Pike, Esq.
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 839-9142 (fax)
pzipin@zagfirm.com
rlyfordpike@zagfirm.com

*Counsel for Plaintiff*