**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HECTOR HERNANDEZ | \* |
| | \* |
| And | \* |
| | \* |
| OSCAR AGUILAR PANAMENO | \* |
| 1301 Cresthaven Drive | \* |
| Silver Spring, Maryland 20903 | \* |
| | \* |
| PLAINTIFFS | \* |
| | \* |
| v. | \*   Case No.: 16-1832 (RC) |
| | \* |
| THE CRAFTSMEN GROUP, INC. | \* |
| | \* |
| DEFENDANT. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

Plaintiffs Hector Hernandez and Oscar Aguilar Panameno (together, "Plaintiffs"), by and through their undersigned counsel, hereby submit First Amended Complaint against The Craftsmen Group, Inc. ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the State of Maryland and the Commonwealth of Virginia. By acting as the named Plaintiffs in this action, Plaintiffs do hereby affirm their consent to participate as Plaintiffs in an action seeking damages under the FLSA, DMCWA, DCWPA, and for all other relief sought herein.

2. Defendant is a corporation formed under the laws of the District of

Columbia and more than fifty percent (50%) of Plaintiffs' job duties giving rise to this action occurred in the District of Columbia.

3. At all times relevant, Defendant was Plaintiffs' "employer" for purposes of the FLSA, DCMWA, DCWPA.

4. During Plaintiffs' employment, Defendant utilized goods and tools that crossed state lines in the performance of its business operation and was otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

5. At all times relevant, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times relevant, Plaintiffs and other employees of Defendant handled tools and equipment that passed in interstate commerce and therefore individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

7. Federal Question jurisdiction is proper in this this Court is proper because Plaintiffs seek relief under the Federal law, namely, the FLSA.

## **FACTS**

8. Plaintiffs were employed by Defendant performing the following job duties for the following time periods:

    a) Hector Hernandez: Painter for the period of about January 2015 through about August 2016; and

      b) Oscar Aguilar Panameno: Carpenter for the period of about January 2015 through about May 2015.

9. At all times during Plaintiffs' employment with Defendant, Plaintiffs signed documents with Defendant and general contractors that identified Hector Hernandez (or individuals performing his job duties) as a painter and not for any other job duty or classification and that identified Oscar Aguilar Panameno (or individuals performing his job duties) as a carpenter and not for any other job duty or classification.

10. At all times while in Defendant's employ, Hector Hernandez performed exclusively painter job duties and Oscar Aguilar Panameno performed exclusively carpenter job duties.

11. For more than fifty percent (50%) of Plaintiffs' employment period with Defendant, Plaintiffs performed painting and/or carpenter job duties at the Trump International Hotel (Old Post Office) project in Washington, D.C. (the "Trump Project").

12. The painting and/or carpenter work duties Plaintiffs performed for the benefit of Defendant on the Trump Project was a Federal Government Contract.

13. For all painting and/or carpenter job duties Plaintiffs performed for the benefit of Defendant on the Trump Project, Defendant was obligated by law and by contract with general contractors to pay Plaintiffs at an hourly rate guaranteed for painters and/or carpenters performing work duties in the District of Columbia on Federal Government Contracts in conformity with the United States Department of Labor Davis Bacon Scale.

14. Pursuant to the Department of Labor published scale rates and as affirmed on contracts with general contractors, Defendant was obligated by law and by contract (to

which Plaintiffs was a third-party beneficiary) to pay Hector Hernandez as a painter for all non-overtime hours worked each week an hourly rate not less than $34.04 per hour ($24.89 (wages) + $9.15 (cash or fringes) = $34.04) and Oscar Aguilar Panameno as a carpenter for all non-overtime hours worked each week at an hourly rate not less than $37.74 per hour ($27.81 (wages) + $9.93 (cash or fringes) = $37.74).

15. Pursuant to the FLSA and the DCMWA, Defendant must have paid Plaintiffs for overtime hours in excess of forty (40) each week at an hourly rate of one-and-one-half times the required scale rate, $51.06 per overtime hour for Hector Hernandez as a painter and $56.61 for Oscar Aguilar Panameno as a carpenter.

16. While employed, Defendant had knowledge that Plaintiffs often worked more than forty (40) hours per week and did not pay Plaintiffs for all non-overtime and overtime hours worked at the legally and contractually required scale rate due and owing to Plaintiffs for non-overtime and overtime hours performed performing painting job duties on the Trump Project in the District of Columbia.

17. Defendant paid Plaintiffs at hourly rates gradually increasing from about $21.68 per hour to $23.00 per hour to a most recent rate of $28.09 per hour for non-overtime hours worked each week and time-and-one-half that lower rate for overtime hours worked each week in excess of forty (40).

18. Defendant did not pay Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' legally and contractually required regular hourly rate for overtime hours worked per week in excess of forty (40) for painting job duties performed on the Trump Project in the District of Columbia.

4

19. While employed, Plaintiffs' exact hours worked varied slightly from week to week.

20. While employed, in many weeks, Plaintiffs worked more than forty (40) hours.

21. While employed, Plaintiffs often worked more than fifty (50) hours per week.

22. While employed, Plaintiffs occasionally worked more than sixty (60) hours per week

23. At all times, Defendant had knowledge of all hours Plaintiffs worked including overtime hours worked in excess of forty (40).

24. Defendant regularly directed Plaintiffs to work more than forty (40) hours per week.

25. At all times, Defendant had actual knowledge that the rates it paid Plaintiffs for work duties performed on the Trump Project in the District of Columbia for non-overtime and overtime hours worked each week was less than the rate contractually guaranteed to Plaintiffs as a third-party beneficiary on the Federal Government Contract and less than the rate guaranteed by Federal Law and District of Columbia law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

26. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

27. While in Defendant's employ, Defendant failed to compensate Plaintiffs properly, and as required by the FLSA, for all overtime hours worked in excess of forty

(40) per week.

28.     Defendant's failure to pay Plaintiffs as required by the FLSA was knowing, willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count I for unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

29.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

30.     While in Defendant's employ, Defendant failed to compensate Plaintiffs properly, and as required by the DCMWA, for all overtime hours worked in excess of forty (40) per week on the Trump Project in the District of Columbia.

31.     Defendant's failure to pay compensation as required by the DCMWA was knowing, willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count II, for unpaid overtime wages in an amount to be proven at trial, plus liquidated damages in the amount of three times (3x) the unpaid wage amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

32.     Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

33. Under the DCWPA, Defendant, as Plaintiffs' employer, was obligated to pay Plaintiffs all wages owed for work that Plaintiffs performed in the District of Columbia.

34. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."[1]

35. Plaintiffs worked many hours for Defendant in the District of Columbia (more than 50% of work duties) on the Trump Project for which Defendant failed to pay Plaintiffs all wages earned and required by contract (as a third-party beneficiary) and by Federal and District of Columbia Law.

36. Defendant owes Plaintiffs back wages equal to the difference between the rate Defendant paid Plaintiffs for hours worked on the Trump Project and the required rates Plaintiffs were legally and contractually entitled to receive.

37. Defendant's failure to pay Plaintiffs all wages due and owing as required by the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count III, for unpaid wages in an amount to be proven at trial, plus liquidated damages in the amount of three times

---

[1] In a further clarification by Fiscal Year 2014 Budget Support Act of 2013; Subtitle G, DCWPA Section 32-1305(b) has been clarified to explain, "[i]n enforcing the provisions of this act, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law."

(3x) the unpaid wage amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

\_\_\_\_/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2016, a true and correct copy of the foregoing First Amended Complaint and Redline Copy was served by first-class mail, postage pre-paid on:

Incorp Services, Inc. c/o Jennifer Reuting
Maryland Resident Agent:  The Craftsmen Group, Inc.
1519 York Road
Lutherville, Maryland 21093

And

Christian Kelleher, District of Columbia Registered Agent
The Craftsmen Group, Inc.
3901 Perry Street
Brentwood, Maryland 20722

\_\_\_\_/s/\_Gregg C. Greenberg_____
Gregg C. Greenberg
